# E. A. SLAYTON v. J. T. WELLS.

## LAMOILLE COUNTY, 1893.

Before: Ross, C. J., Rowell, Munson and Start, JJ.

*Insolvency. Discharge bars claim for goods sold on commission.*

One who receives goods to sell on commission does not sustain towards his consignor " fiduciary or trust relations " within the meaning of R. L. s. 1858, and a discharge in insolvency will bar a claim for the proceeds from the sale of such goods.

Assumpsit. Pleas, the general issue and a special plea setting up a discharge in insolvency. Trial by court at the December term, 1892, Lamoille county, TAFT, J., presiding. Judgment for the defendant. The plaintiff excepts. The opinion states the case.

*P. K. Gleed* for the plaintiff.

The defendant sustained a fiduciary relation to the plaintiff and the discharge is no bar. Bump Law & Pr. Bnk. 520.

*Hendee & Fisk* for the defendant.

The debt was not created in a fiduciary capacity and the discharge is a bar. *Noble* v. *Hammond*, 129 U. S. 621, and cases cited; *Chapman* v. *Forsyth*, 2 How. 302; *Neal*

*v. Clark*, 95 U. S. 704; Sto. Agency (7th Ed.), 30, 241 and cases cited.

START, J.   The plaintiff consigned goods to the defendant to sell on commission.   The defendant was to have all that he could obtain for them above the price charged. The defendant was adjudged an insolvent debtor, and the plaintiff proved his claim against the insolvent's estate, and received a dividend of forty cents on the dollar.   The plaintiff seeks in this action to recover the balance of his claim. The defendant pleads his discharge in insolvency.   The plaintiff claims that the defendant was acting in a fiduciary capacity, and that for this reason the discharge is not a bar to this action.

R. L. s. 1858 provides that a debt not founded upon contract, but created by the debtor's defalcation as a public officer, executor, administrator, guardian, receiver, trustee, or assignee of an insolvent debtor's estate, or for malfeasance while in office or sustaining fiduciary or trust relations, shall not be discharged under the provisions of the statute relating to insolvency.   The plaintiff's debt is founded upon a contract, and is not within any of the exceptions provided for in this section.   The statute excepts from its operation only debts arising from certain enumerated trust relations, *not founded on contract;* and the phrase " fiduciary or trust relations " has reference to the same class of trusts enumerated in the preceding clauses of the same section.

This statute, so far as it relates to fiduciary debts, is similar to the Bankrupt Act of 1841, which excepts from discharge debts of the bankrupt created in consequence of a defalcation as a public officer, executor, administrator, guardian, trustee, or while acting in any fiduciary capacity. The effect to be given to the phrase " while acting in any fiduciary capacity" was considered by the United States Supreme Court in *Chapman* v. *Forsyth*, 43 U. S., 2 How. 202,

and it was held that the exceptions enumerated in the act had reference to special trusts, not implied; that the phrase " in any fiduciary capacity " did not extend to those trusts which the law implies from the contract and which form an element of every agency, but had reference only to the same class of trusts ennmerated in the section mentioned; and that a factor who had sold the property of his principal and had failed to pay over to him the proceeds, did not owe to him a debt created in a fiduciary capacity, within the meaning of the act.

The Bankrupt Act of 1867, which excepts from the operation of bankruptcy proceedings debts of the bankrupt created in consequence of fraud, embezzlement, defalcation as a public officer, or while acting in any fiduciary character, was considered and construed by the same court in *Hennequin* v. *Clews*, 111 U. S. 676; and it was held that a discharge in bankruptcy under this act operated to discharge the bankrupt from a debt or obligation which arose from his appropriating to his own use collateral securities, deposited with him as security for the payment of money or the performance of a duty, and which he failed or refused to return after the money had been paid or the duty performed.

In *Noble* v. *Hammond & Burt*, 129 U. S. 65, it was held that, where a produce dealer was requested by parties to collect money for them as an an accommodation and without compensation, and to keep it until they called for it, and he proceeded to make such collection, and without actual fraud or fraudulent intent, deposited the proceeds to his own credit with his own funds, and before he paid it over was forced into bankruptcy, the debt thus incurred by him was not within the exception, that no debt created by fraud of the bankrupt, or by his defalcation while acting in a fiduciary character, shall be discharged by proceedings in bankruptcy.

In *Hyman* v. *Pond*, 7 Met. 328, it was held that a factor who had sold goods of his principal and received the money

therefor did not owe him a debt created while acting in a fiduciary capacity, within the meaning of the Bankrupt Act of 1841.

In *Hammond & Burt* v. *Noble*, 57 Vt. 193, this court gave the phrase " while acting in any fiduciary capacity " the same construction given it by the United States Supreme Court.

*Judgment affirmed.*